UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ISAAC WEBB, | : | Criminal Action |
| Petitioner, | : | No. 00-00044-01T |
| V. | : | EVIDENTIARY HEARING REQUESTED |
| UNITED STATES OF AMERICA, | : | Honorable Judge Torres |
| Respondent. | : | |

MOTION TO MODIFY TERM OF IMPRISONMENT,

PURSUANT TO 18 U.S.C. § 3582 (c)(2)

COMES NOW, the petitioner, Isaac Webb (Webb), pro-se, a federal prisoner at Federal Correctional Institution Fairton, Fairton, New Jersey. Webb respectfully requests that this court modify his sentence under Amendment "706" of the 2007 United States Sentencing Guidelines (Guidelines) § 1B1.10 (c). In support Webb shows to the Court as follows:

# STATEMENT OF THE CASE

On February 2, 2000, a Criminal Complaint with attached affidavits was filed in the United States District Court, Providence, Rhode Island. The Complaint alleged Webb's involvement in drug distribution and firearm possession. An arrest warrant was issued on that date.

On February 3, 2000, Webb was arrested in the Eastern District of New York. He appeared for an identity and removal hearing on March 8, 2000, at which time, he was ordered detained and removed to the District of Rhode Island.

On April 4, 2000, a Federal Grand Jury for the District of Rhode Island returned a three-count Indictment charging Webb with the following: Count I: Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 and Counts II and III: Distribution of Cocaine Base, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2.

On April 14, 2000, Webb was arraigned and pled not guilty to the Indictment.

On April 28, 2000, a Federal Grand Jury for the District of Rhode Island returned a superseding indictment against Webb. It charged one count of Conspiracy to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846, and two counts of Distribution of Five Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2.

On August 28, 2000, Webb appeared for an arraignment on the Superseding Indictment and pled not guilty.

On January 2, 2001, a jury was impaneled. The trial began later that day and was presided over by the Honorable Ernest C. Torres, Chief United States District Judge. The trial lasted for five days

On January 9, 2001, the jury returned a guilty verdict to the three counts of the Superseding Indictment.

## A R G U M E N T

On April 27, 2007 the United States Sentencing Commission promulgated an amendment to the Guidelines § 2D1.1 (unlawful manufacturing, importing, exporting, or trafficking [including possession with intent to commit those offenses]; attempt or conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base") so that the Base Offense Level (BOL) for cocaine base, as determined by the Drug Table will be reduced by two levels.

The amendment resulted in a BOL corresponding to a Guideline range that includes the five-year and ten-year mandatory minimum terms of imprisonment for five (5) and fifty (50) grams of crack cocaine, respectively. Prior to the amendment, at least five (5) grams but less than twenty (20) grams of cocaine base were assigned a BOL of 26 (63 to 78 months at Criminal History Category I), and at least fifty (50) grams but less than one-hundred fifty (150) grams of cocaine base were assigned a BOL of 32 (121 to 151 months at Criminal History Category I). Pursuant to the amendment, those same quantities

of cocaine base will be assigned a BOL of 24 (51 to 63 months at Criminal History Category I) and a BOL of 30 (97 to 121 months at Criminal History Category I, respectively.

The issue was clarified and made retroactive on December 11, 2007, by Amendment "706", the Guidelines Commentary to § 2D1.1, Application Note. Amendment "706" was made retroactive because it is listed in subsection (c) of the Guidelines § 1B1.10 and is a clarification of the Guidelines.

Title 18 U.S.C. § 3582, authorizes a "district court to reduce the sentence imposed on a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (o)." United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004). According to Application Note 1 to the Guidelines § 1B1.10 (c), "eligibility for consideration under § 3582 (c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable Guidelines range. Thus, in order to apply an amendment to the Guidelines retroactively, the amendment must be identified as retroactive in the Guidelines § 1B1.10 (c).

The court may only modify a defendant's sentence if such modification is also consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582 (c)(2). Whether or not to modify a defendant's sentence based on a retroactive amendment is left to the discretion of the court, provided that the court considers the factors listed

in 18 U.S.C. § 3553 (a).

Offense Level Computation

Base Offense Level (BOL): The Guidelines § 2D1.1 is the guideline for violations of 21 U.S.C. §§ 846 and 841 (a)(1). The BOL under the Guidelines § 2D1.1 (c)(7) is 26, if the offense involved at least five grams but less than 20 grams of cocaine base. The Government advised that this case involved 15.21 grams. The Specific Offense Characteristics: A two level increase is warranted if a dangerous weapon was possessed according to the Guidelines § 2D1.1 (b)(2). As such, Webb's BOL was increased two levels for a total BOL of 28.

## D I C U S S I O N

With this newly reduced drug Guideline, Webb's drug weight BOL is reduced from 28 to 26, resulting in a new sentencing range of 78 to 90 months imprisonment, instead of a BOL of 28, which resulted in Webb's 128 months sentence. As such, Webb reserves the right to brief the impact of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on any ensuing sentencing calculation, should the court choose to grant his motion.

Because Booker abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, Webb reserves the right to brief the impact of Booker on any ensuing sentencing calculation, should the court choose

to grant his 18 U.S.C. § 3582 (c)(2) motion.

APPLICABILITY OF BOOKER
TO 18 U.S.C. § 3582 (c)(2)

As a general matter, courts may not alter a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582 (c); United States v. Hovespian, 307 F.3d 922, 927 (9th Cir. 2002 ("District courts do not have inherent authority to resentence defendants at any time.") (quoting United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990)). However, § 3582 (c)(2) creates an exception:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on it's own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under 18 U.S.C. § 3582, a district court can resentence a defendant, like Webb, whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 § 994 (o). This allows the district court to recalculate the defendant's sentencing range using the newly reduced Guidelines, and then determine an appropriate sentence in accordance with the § 3553 (a) factors. See Id. The open question is whether the district court's new Guideline calculation imposes a mandatory sentencing range or an advisory one. Webb believes the clear language of Booker makes the range advisory.

Booker explicitly stated that "as by now should be clear, [a] mandatory system is no longer an open choice." Id. at 263, 125 S.Ct. 738; see also Id. at 264, 125 S.Ct. 738 (noting that district courts are "not bound to apply the Guidelines"). Although the court acknowledged that Congress had intended to create a mandatory Guidelines system, Booker stressed that this was not an option: "[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open.... [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law." Id. at 265, 125 S.Ct. 738. The court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.

In fact, the court emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another. When the Government suggested, in Booker, that the Guidelines be considered advisory in certain, constitutionally-compelled cases, but mandatory in others, the court quickly dismissed this notion, stating, "we do not see how it is possible to leave the Guidelines as binding in other cases.... [W]e believe that Congress would not have authorized a mandatory system in some case and a non-mandatory system in others, given the administrative complexities that such a system would create." Id. at 266, 125 S.Ct. 738. In short, Booker expressly rejected the idea that the Guidelines might be

advisory in certain contexts but not in others, and Congress has done nothing to undermine this conclusion. Because a "mandatory system is no longer an open choice," Id. at 263, 125 S.Ct. 738, district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582 (c)(2).

> While § 3582 (c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553 (a) factors, and issuing a new sentence based on the Guidelines' mandatory and rejected argument that the Guidelines might remain mandatory in some cases but not in others. Mandatory Guidelines no longer exist, in this context or any other. United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007); United States v. Forty Estremera, 498 F. Supp.2d 468 (D.Puerto Rico 2007); United States v. Jones, 2007 WL 2703122 (D.Kans. Sept. 17, 2007).

APPLYING BOOKER IS IN ACCORD WITH THE REQUIREMENT THAT COURTS APPLY THE CURRENT VERSION OF THE SENTENCING GUIDELINES IN EFFECT ON THE DATE OF RESENTENCING

Webb is not arguing that Booker apply at this stage of the proceedings, he is arguing that if the court vacates his sentence in accordance with § 3582 (c)(2), and modifies his sentence, the court must consider the now non-mandatory nature of the Guidelines, including the post-Booker § 3553 (a) factors.

If Webb is resentenced under the now non-mandatory Guidelines, he is subject to a BOL, without judicial fact-finding, to a total BOL of 24 and a Criminal History Category IV, resulting in a sentencing range of 77 to 96

months. This new sentencing range would be far less than the 128 months sentence Webb received.

## APPLICATION PURSUANT TO 18 U.S.C. §3553(a) " IMPOSITION OF A SENTENCE"

Mr. Webb, presents to this Court for serious consideration in the process of reducing his sentence the following information pursuant to 18 U.S.C. § 3553(a), in support of his §3582(c)(2) motion for a sentence reduction:

1. Mr. Webb has participated in a intensive Vocational Training Landscape/Horticulture Program, and he has earned his Apprenticeship Certificate. See the attached copy under Exhibit-A.

2. Mr. Webb has obtained a General Equivalency Diploma ("GED").

3. Mr. Webb has attended College for Electromechanical Engineering for approximately (18) months at New York City Technical College.

4. Mr. Webb intends to continue his Education in Electromechanical Engineering upon his release back into the community.

5. Mr. Webb has been making progress towards paying his fines and assessments fees as so Ordered by this Court, as part of the original imposed sentence.

6. Mr. Webb has several Disciplinary Reports in his institution jacket. None of these reports are of a violent or drug, or alcohol nature or use by Mr. Webb. In fact, his D.R.'s were not of a serious nature.

In addition, Webb respectfully requests "any" other relief this Honorable Court deems just, proper and equitable to him under the new version of the crack/cocaine ratio in effect, in light of the Supreme Court's ruling in Kimbrough v. United States, 522 U.S.____, (2007).

WHEREFORE, Webb prays that this Honorable Court, based upon Amendment "706" and upon mitigating sentencing factors under 18 U.S.C. § 3553(a) in the application of Booker and the advisory Guidelines, properly apply the law . modify and vacate his sentence and apply the now non-mandatory Guidelines range of 77 to 96 months imprisonment.

Respectfully submitted,

Dated: February 25, 2008.

Isaac Webb

Isaac Webb
44776-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

ISAAC WEBB 'S EXHIBIT

A. CERTIFICATE OF COMPLETION OF APPRENTIESHIP, DATED JULY 24TH, 2006.

# State of New Jersey

## Department of Labor and Workforce Development

## CERTIFICATE OF COMPLETION OF APPRENTICESHIP

*This is to certify that* **Isaac Webb** *has fulfilled the requirements of a **1** year apprenticeship in the trade of* **Landscape Management Tech** *in accordance with the training standards established by the United States Department of Labor, and approved by the New Jersey Department of Labor and Workforce Development.*

*This is awarded based upon the certification by the employer or sponsoring organization of the completion of a prescribed program of related instruction.*

*Awarded at Trenton, New Jersey, the 24th day of July, 2006*

*DAVID J. SOCOLOW ACTING COMMISSIONER*

# PROOF OF SERVICE

I certify that on 2-26-08 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Clerk of Court
US District Court
Two Exchange Terrace
Providence, Rhode Island 02903

Enclosed thirteen (13) page Motion to Modify Term of Imprisonment (18 USC § 3582 (c)(2)) including this Proof of Service.

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 2-26-08 (date) for forwarding to the District Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Isaac Webb
Signature

Dated: Feb 26, 2008